Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel.: (305) 373-3016
Fax: (305) 373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (B.U.), | CASE NO.: |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PRINCESS CRUISE LINES, LTD., a corporation for profit, PARK WEST GALLERIES, INC., a corporation for profit, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JANE DOE (B.U.), brings this action individually.  This action is brought against Defendants, PRINCESS CRUISE LINES, LTD. ("PRINCESS") and PARK WEST GALLERIES, INC. ("PARK WEST"), for-profit corporations, for personal injuries sustained when a crewmember sexually assaulted and raped the Plaintiff, and the Plaintiff contracted HIV (human immunodeficiency virus) from such crewmember.  The Plaintiff seeks damages and demands a jury trial on all issues

1

so triable against Defendants, PRINCESS and PARK WEST.

## JURISDICTION AND THE PARTIES

1.  This action is an action under General Maritime Law of the United States and the laws of California, as applicable.

2.  This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.  Further, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court.  This is an admiralty or maritime claim within the meaning of Rule 9(h).  The demand for a jury trial included herein is also made pursuant to the Saving to Suitors Clause of 28 U.S.C. §1333.

3.  Defendants, at all times material hereto, personally or through an agent:

   a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b.  Were engaged in substantial activity within this state;

   c.  Operated vessels in the waters of this state;

   d.  Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

   e.  The acts of Defendants set out in this Complaint occurred in whole or in part in this state and/or county;

   f.  The cruise line ticket for the Plaintiff requires that suit be brought in this Court against PRINCESS and all concessionaires, independent contractors, and retail shop personnel, which includes PARK WEST.

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

4. Defendants are subject to the jurisdiction of the courts of this state.

5. The Plaintiff was and is a citizen of the state of California, over the age of eighteen years and is otherwise *sui juris*.

6. At all times material hereto, PRINCESS was and is a for-profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

7. At all times material hereto, PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world, including, Los Angeles, California.

8. At all times material hereto, PARK WEST was and is a for-profit corporation with its principal place of business in the state of Michigan.[1]

9. At all times material hereto, PARK WEST was and is an art dealer, with galleries all over the world, including aboard cruise ships.

## FACTS COMMON TO ALL COUNTS

10. At all times material hereto, PRINCESS owned, operated, managed, maintained and/or controlled the vessel, *Sky Princess* ("the vessel").

11. At all times material hereto, PRINCESS had exclusive custody and control of the vessel.

12. At all times material hereto, PARK WEST owned and/or operated the Art Gallery aboard the vessel.

13. At all times material hereto, PARK WEST was under the direction and control of PRINCESS and/or acted as the agent of PRINCESS, thereby rendering

---

[1] At all times material hereto, PARK WEST was also doing business as PARK WEST AT SEA and/or PARK WEST GALLERY. Upon information and belief, one or both of these assumed names has expired. However, in an abundance of caution, Plaintiff incorporates these entities to the Complaint herein and PARK WEST GALLERIES, INC., PARK WEST AT SEA, and PARK WEST GALLERY are collectively referred to as "PARK WEST".

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial

PRINCESS vicariously liable for the negligence of PARK WEST and its employees.

14. At all times material hereto, PARK WEST employed and controlled an employee of the Art Gallery aboard the vessel, whose first name is believed to be Aleksander ("the Assailant").

15. At all times material hereto, the Assailant was also employed by and/or a borrowed servant of PRINCESS, as evidenced by factors that include, but are not limited to, the following:

a. PRINCESS had control over the Assailant;

b. PRINCESS was responsible for paying the Assailant;

c. PRINCESS provided the facilities and equipment necessary for the performance of the Assailant's work; and/or

d. PRINCESS had the right to terminate the Assailant's employment.

16. At all times material hereto, the Assailant was a member of the crew of the vessel and was acting in the course and scope of his employment.

17. At all times material hereto, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

**The Assailant's Targeting and Rape of the Plaintiff**

18. On December 28, 2021, Plaintiff was walking around the vessel for the first time.  As Plaintiff passed by the Art Gallery, the Assailant introduced himself to the Plaintiff, invited her to participate in a raffle, and told her to appear at an auction in order to be eligible to claim the prize.

19. On January 4, 2022, the auction took place, and Plaintiff attended it.  As soon as Plaintiff walked into the Art Gallery, the Assailant noticed her, walked toward her, and talked to her about his personal background and experience.

20. The Assailant asked the Plaintiff to stay at the Art Gallery after the auction, but Plaintiff did not stay.

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

21.For the remainder of the day at sea, Plaintiff participated in activities aboard the vessel, and she drank many alcoholic beverages, most of which were served by PRINCESS crewmembers.

22.Later that day, as Plaintiff was walking around the vessel, the Assailant approached Plaintiff again and asked her how she was enjoying the cruise.   The Plaintiff expressed disappointment in PRINCESS not having sufficient activities for people in her age group (late 20s).

23.At this point, Plaintiff was visibly intoxicated.   For instance, she was slurring her speech, and she was bumping into walls and other items because she could not control her balance.

24.The Assailant then asked for the Plaintiff's name and cabin number.   The Plaintiff reasonably believed he was asking because he was going to arrange for a PRINCESS employee to help her with activities involving younger passengers.   The Plaintiff therefore gave the Assailant the information, and she returned to her cabin, where she continued to drink.

25.Later that evening, at approximately 10-11p, the Assailant called Plaintiff's cabin and told her to meet him at the Art Gallery.   Due to the fact that Plaintiff was so drunk and because there were so few people around her age on the ship, she agreed to meet him.

26.Once Plaintiff arrived at the Art Gallery, the Assailant provided her with a drink and began talking to her, and he stood very close to her.   Sometime thereafter, the Assailant began to brush his hand up against her leg and then gripped her buttocks. The Plaintiff felt ill, scared, and did not know what to do, so she just froze.   The Assailant then took her arm and led her up two flights of stairs, which Plaintiff was having trouble navigating.

27.Although Plaintiff thought the Assailant was escorting her back to her cabin,

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial

so she could sleep and sober up, the Assailant instead pushed Plaintiff into a closet, where he proceeded to rape her.

28. Due to the fact that Plaintiff was so intoxicated and/or drugged, Plaintiff did not have the capability of consenting, or of fighting or pushing the Assailant off of her. Nevertheless, Plaintiff said "no" repeatedly.

**<u>The Assailant's Transmission of HIV to the Plaintiff</u>**

29. Before raping the Plaintiff, the Assailant put on a condom. During the course of the rape, however, either the condom came off or the Assailant removed the condom, and the Assailant continued to rape the Plaintiff without any protection.

30. Within a few days after the incident and after the cruise ended on January 8, 2022, Plaintiff began experiencing abnormal symptoms.

31. When the abnormal symptoms did not subside, Plaintiff underwent several tests and examinations.

32. In February 2022, Plaintiff was diagnosed with HIV, but she was told further testing would need to be conducted over several months to confirm the HIV diagnosis, and Plaintiff's next test is scheduled for January 28, 2023.

33. Before the cruise, Plaintiff did not have any type of sexual contact with another person since early 2020. The Assailant therefore exposed and transmitted HIV to the Plaintiff.

34. Prior to the subject incident, the Assailant knew or should have known he had HIV based on his high viral load and/or symptoms. Yet the Assailant never disclosed his HIV status to the Plaintiff.

35. The Assailant's exposure and transmission of HIV to the Plaintiff was done willfully and without Plaintiff's knowledge or consent.

36. The Assailant's HIV status was known to Defendants or should have been known to Defendants because all of the Assailant's medical treatment was or should

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

1   have been provided and/or managed by Defendants.

2   **The Plaintiff's Inability to Immediately Report the Incident**

3   37. Every 68 seconds another American is sexually assaulted.[2]  One out of every
4   six American women has been the victim of an attempted or completed rape in her
5   lifetime (14.8% completed, 2.8% attempted).[3] Yet many instances of sexual violence
6   go unreported.   In fact, only 31% (310 out of every 1,000) sexual assaults are
7   reported.[4]

8   38. In addition, according to forensic psychiatrist, Dr. Barbara Ziv, most
9   assaults are not reported.  Some factors contributing to victims not reporting include,
10  but are not limited to, shame and self-blame.

11  39. At all times material subsequent to the incident and for more than six months
12  thereafter, Plaintiff suffered from Rape Trauma Syndrome.

13  40. In line with the foregoing, Plaintiff was unable to report the incident to
14  Defendants through counsel until November 2022 due to the trauma and Plaintiff's
15  mental health.

16  41. Additionally, considering that the Assailant was a crewmember who
17  intentionally and knowingly caused injury to the Plaintiff by committing the

---

19  [2] Rape, Abuse & Incest National Network ("RAINN"), "Scope of the Problem: Statistics,"
20  https://www.rainn.org/statistics/scope-problem (citing Department of Justice, Office of Justice
    Programs, Bureau of Justice Statistics, National Crime Victimization Survey, 2019 (2020)).

21  [3] Id. (citing National Institute of Justice & Centers for Disease Control & Prevention, Prevalence,
22  Incidence and Consequences of Violence Against Women Survey (1998)).

23  [4] RAINN, "The Criminal Justice System: Statistics," https://www.rainn.org/statistics/criminal-
    justice-system (citing [i.] Department of Justice, Office of Justice Programs, Bureau of Justice
24  Statistics, National Crime Victimization Survey, 2015-2019 (2020); [ii.] Federal Bureau of
25  Investigation, National Incident-Based Reporting System, 2012-2016 (2017); [iii.] Federal Bureau
    of Investigation, National Incident-Based Reporting System, 2012-2016 (2017); [iv.] Department
26  of Justice, Office of Justice Programs, Bureau of Justice Statistics, Felony Defendants in Large
27  Urban Counties, 2009 (2013)).

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

1   intentional tort of sexual assault and rape, and considering further that the Assailant's

2   knowledge is imputed to Defendants as Defendants' employee and/or borrowed

3   servant, Defendants were on notice of the incident, and as such, no other notice was

4   required.

5   **Defendants' Notice and the Prevalence of Sexual Assaults and Rapes**

6   42. At all times material hereto, Defendants had a policy and procedure that

7   prohibited crewmembers from fraternizing with passengers because, at least in part,

8   such fraternization resulted in passengers being sexually assaulted and/or raped by

9   crewmembers. Therefore, before this incident, Defendants knew or should have

10   known that it was reasonably foreseeable for the Assailant's inappropriate

11   fraternization with the Plaintiff to result in the Plaintiff being sexually assaulted

12   and/or raped by the Assailant.

13   43. At all times material hereto, PRINCESS had policies and procedures in

14   place to prevent the overservice of alcohol to passengers and to protect passengers

15   when they are in a visibly intoxicated state because, at least in part, such condition(s)

16   resulted in becoming victim to assaults, batteries and sexual crimes perpetrated aboard

17   cruise ships by both crewmembers and other passengers.  At all times material hereto,

18   PARK WEST was equally familiar with such policies and procedures as well as the

19   reason for same.  Therefore, before this incident, Defendants knew or should have

20   known that it was reasonably foreseeable that the Plaintiff was at risk of being

21   sexually assaulted and/or raped because she was visibly intoxicated in public areas of

22   the vessel, including, but not limited to, in the Art Gallery and in areas surrounding

23   the Art Gallery, where she was ultimately raped, as alleged in paragraphs 23 and 26-

24   27.

25   44. Pursuant to the Secretary of Transportation's statistical compilation of

26   shipboard incidents, since 2016, there were a total of 391 sexual assaults reported on

27

28
Plaintiff's Complaint and Demand for Jury Trial

cruise ships, with 175 of such assaults reported by PRINCESS'S parent company, Carnival Corporation, and 9 reported by PRINCESS.[5]

45. Notably, however, since 2016, the percentage of sexual assaults committed by PRINCESS'S crewmembers, like the Assailant, are substantially higher compared to other cruise lines. For instance, according to the Secretary of Transportation's statistical compilation *for all cruise lines*, 24% of sexual assaults were committed by crewmembers generally. In stark contrast, *for PRINCESS*, 89% of sexual assaults were committed by PRINCESS'S crewmembers, like the Assailant. This comparison is demonstrated below.



LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

---

[5] These figures do not represent the actual number of sexual assaults because, pursuant to 46 U.S.C. § 3507(g), cruise lines (including PRINCESS) are *only* required to report those instances that occur (a) in the territorial waters of the United States; (b) involve a United States citizen when occurring outside the jurisdiction of any nation; and (c) involve a United States citizen when occurring on a vessel that departed from or will arrive in a United States port. As a result, many incidents of sexual assaults and rapes which have occurred aboard PRINCESS'S cruise ships and those under their parent company, Carnival Corporation, are presently unreported to the FBI and/or are not included in the Secretary of Transportation's statistical compilation of shipboard incidents. These figures also include the data from 2020 and 2021, when cruises were largely cancelled due to COVID-19.

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com



**Sexual Assaults Reported by Princess**

- Committed by Passengers
- Committed by Crewmembers
- Committed by "Others"

0%

11%

89%

46. The foregoing shipboard incidents are reported by cruise lines directly to the Secretary of Transportation and/or the Federal Bureau of Investigation. Accordingly, before this incident, Defendants knew or should have known that a sexual assault and/or rape was reasonably foreseeable considering the prevalence of sexual assaults aboard cruise ships generally and by crewmembers aboard PRINCESS'S vessels specifically.

47. At all times material hereto, PRINCESS advertised and marketed its cruises and vessels to induce prospective cruisers to sail on its vessels. In doing so, PRINCESS deliberately emphasized the positives of its cruises and vessels, almost to the exclusion of any negatives, such as the risk of crime and injury aboard its vessels, which was known to PRINCESS. For instance, PRINCESS stated that "[t]he safety and security of [its] guests" was a "top priority[,]" and that PRINCESS "meet[s], and often exceed[s], U.S. and international regulations" and that PRINCESS'S "officers

Plaintiff's Complaint and Demand for Jury Trial

undergo extensive training[.]"[6]   As a result, PRINCESS failed to give prospective passengers (like Plaintiff) sufficient information to make fully informed decisions to book a cruise and/or to fully comprehend the need to take precaution for their own safety while aboard PRINCESS'S vessels.

48. Instances of rapes and/or sexual assault occur aboard vessels owned and operated by PRINCESS and its parent company Carnival Corporation at an alarming rate.   Yet PRINCESS fails to take adequate steps or provide adequate security to prevent such rapes and/or sexual assaults and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea.   PRINCESS'S motive for failing to warn its passengers is financial in nature; that is, PRINCESS willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away.   Such willful and outrageous conduct on the part of PRINCESS exposes it to punitive damages.   *See Lobegeiger v. Celebrity Cruises, Inc.,* No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).

**COUNT I**

**STRICT VICARIOUS LIABILITY FOR**

**RAPE/SEXUAL ASSAULT AGAINST DEFENDANTS**

The Plaintiff realleges, incorporates by reference and adopts the allegations set forth in paragraphs one (1) through forty-eight (48) as though alleged originally herein.

49. On or about the above date(s), Plaintiff was sexually assaulted and raped by the Assailant aboard the vessel.

50. At all times material hereto, the Assailant who sexually assaulted and raped

---

[6] https://www.princess.com/careers/about-princess/

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

1  the Plaintiff was a member of the crew aboard the vessel, which was owned and/or
2  operated by PRINCESS.

3  　　51. At all times material hereto, the Assailant who sexually assaulted and raped
4  the Plaintiff was (a) hired, retained and/or employed by PRINCESS, and/or (b) was a
5  borrowed servant of PRINCESS.

6  　　52. At all times material hereto, the Assailant who sexually assaulted and raped
7  the Plaintiff was hired, retained and/or employed by PARK WEST.

8  　　53. At all times material hereto, Defendants were and are vicariously liable for
9  the tortious actions of its crewmembers/employees, including the Assailant, who
10  sexually assaulted and raped the Plaintiff.

11  　　54. As a direct and proximate result of the tortious actions of the Assailant, for
12  which Defendants are vicariously liable, Plaintiff was injured about her body and
13  extremities, suffered physical pain, mental anguish, loss of enjoyment of life,
14  disability, disfigurement, post-traumatic stress disorder and other mental and/or
15  nervous disorders, aggravation of any previously existing conditions therefrom,
16  incurred medical expenses in the care and treatment of her injuries, suffered physical
17  handicap, lost earnings and lost earning capacity, both past and future.  The injuries
18  are permanent or continuing in nature and Plaintiff will suffer the losses and
19  impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise
20  and transportation costs.

21  　　WHEREFORE, Plaintiff demands judgment for all damages recoverable under
22  the law and demands trial by jury.

23  　　　　　　　　　　**COUNT II**
24  　　　　　　**STRICT VICARIOUS LIABILITY FOR**
25  　　　　**SEXUAL BATTERY AGAINST DEFENDANTS**
26  　　The Plaintiff realleges, incorporates by reference and adopts the allegations set
27
28

forth in paragraphs one (1) through forty-eight (48) as though alleged originally herein.

55. On or about the above date(s), Plaintiff was sexually battered by the Assailant based on the Assailant's exposure and transmission of HIV to the Plaintiff without Plaintiff's knowledge or consent.

56. At all times material hereto, the Assailant who sexually battered the Plaintiff was a member of the crew aboard the vessel, which was owned and/or operated by PRINCESS.

57. At all times material hereto, the Assailant who sexually battered the Plaintiff was (a) hired, retained and/or employed by PRINCESS, and/or (b) was a borrowed servant of PRINCESS.

58. At all times material hereto, the Assailant who sexually battered the Plaintiff was hired, retained and/or employed by PARK WEST.

59. At all times material hereto, Defendants were and are vicariously liable for the tortious actions of its crewmembers/employees, including the Assailant, who sexually battered the Plaintiff.

60. As a direct and proximate result of the tortious actions of the Assailant, for which Defendants are vicariously liable, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise and transportation costs.

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT III

## NEGLIGENT FAILURE TO WARN AGAINST DEFENDANTS

The Plaintiff realleges, incorporates by reference and adopts the allegations set forth in paragraphs one (1) through forty-eight (48) as though alleged originally herein.

61. At all times material hereto, it was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

62. At all times material hereto, it was the duty of Defendants to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendants in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to visit.

63. On or about the above date(s), Plaintiff was aboard the vessel and in the vessel's Art Gallery, which are places Plaintiff was invited to by Defendants and places Defendants reasonably expected Plaintiff to be during the cruise.

64. On or about the above date(s), Defendants and/or their agents, servants and/or employees breached their duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to adequately warn passengers of the prevalence and/or dangers of sexual assaults aboard cruise ships, including, but not limited to, PRINCESS'S vessels;

    b. Failure to adequately warn passengers of the prevalence and/or dangers of being followed and/or targeted by crewmembers;

    c. Failure to adequately warn passengers that other passengers have been sexually assaulted by crewmembers; and/or

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

d. Failure to adequately warn passengers that a heightened degree of care should be exercised when dealing with the crewmembers aboard the vessel;

e. Failure to adequately warn passengers of the lack of adequate security aboard the vessel;

f. Failure to warn passengers that Defendants do not enforce the shipboard policies and procedures to prevent the overservice of alcohol;

g. Failure to adequately warn passengers that Defendants do not monitor or regulate the behavior of passengers, including those that are visibly intoxicated; and/or

h. Failure to adequately warn passengers that Defendants would not aid or assist them in a visibly intoxicated state.

65. The above acts and/or omissions caused and/or contributed to the Plaintiff being sexually assaulted and raped because Plaintiff would not have gone on the cruise, would not have been alone with any crewmember, including the Assailant, and/or would have taken additional measures to ensure her safety had Defendants and/or their agents, servants and/or employees adequately warned and/or communicated the foregoing to passengers, including Plaintiff.

66. At all times material hereto, Defendants knew or should have known of the foregoing conditions causing the subject sexual assault and did not warn about them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through (a) Plaintiff's condition throughout public areas of the vessel ships (as alleged in paragraphs 23 and 26-27); (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard cruise ships (as alleged in paragraphs 42-48), which did or should

Plaintiff's Complaint and Demand for Jury Trial

have revealed that passengers like the Plaintiff are targeted by crewmembers and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, Defendants created the dangerous conditions by the lack of warnings, supervision, security and/or training.

67.As a direct and proximate result of the negligence of Defendants, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT IV

## NEGLIGENT SECURITY AGAINST PRINCESS

The Plaintiff realleges, incorporates by reference and adopts the allegations set forth in paragraphs one (1) through forty-eight (48) as though alleged originally herein.

68.At all times material hereto, it was the duty of PRINCESS to provide Plaintiff with reasonable care under the circumstances.

69.At all times material hereto, it was the duty of PRINCESS to provide reasonable security and/or implement reasonable security measures aboard the vessel, including the Art Gallery and areas surrounding the Art Gallery.

70.At all times material hereto, PRINCESS voluntarily undertook and/or

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial

assumed the duty of security by retaining crewmembers to serve as security officers and guards about the vessel and/or advertising its onboard security.

71. On or about the above date(s), PRINCESS and/or its agents, servants and/or employees breached its duty to Plaintiff through the following acts and/or omissions:

a. Failure to provide adequate supervision and/or security presence aboard the vessel so as to deter sexual assaults aboard the vessel;

b. Failure to provide adequate supervision and/or security in public areas aboard the vessel, including, but not limited to, the Art Gallery and areas surrounding the Art Gallery;

c. Failure to provide adequate supervision and/or security to protect passengers aboard the vessel;

d. Failure to adequately supervise individuals working aboard the vessel to ensure they do not target and/or sexually assault passengers;

e. Failure to adequately supervise individuals working aboard the vessel to ensure they do not drug passengers and/or overserve alcoholic beverages to passengers;

f. Failure to adequately monitor passengers aboard the subject cruise to ensure they do not become victims of crimes generally and sexual assaults specifically;

g. Failure to protect passengers from sexual assaults aboard the vessel;

h. Failure to promulgate and/or enforce adequate policies and procedures to provide for the monitoring of public areas aboard the vessel, including, but not limited to, the Art Gallery and areas surrounding the Art Gallery;

i. Failure to promulgate and/or enforce adequate policies and procedures to provide adequate security to prevent passengers from being targeted and/or sexually assaulted aboard the vessel;

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

17

LIPCON, MARGUILIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305) 373-6204
www.lipcon.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   j. Failure to have adequate security aboard the vessel;

   k. Failure to adequately train security; and/or

   l. Failure to adequately supervise security.

  72. The above acts and/or omissions caused and/or contributed to the subject incident because, had PRINCESS provided reasonable security and/or implemented reasonable security measures consistent with the foregoing, Plaintiff would not have been sexually assaulted and/or raped aboard the vessel.

  73. At all times material hereto, PRINCESS knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them or the conditions existed for a sufficient length of time so that PRINCESS, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through (a) Plaintiff's condition throughout public areas of the vessel ships (as alleged in paragraphs 23 and 26-27); (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard cruise ships (as alleged in paragraphs 42-48), which did or should have revealed that passengers like the Plaintiff are targeted by crewmembers and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, PRINCESS created the dangerous conditions by the lack of warnings, supervision, security and/or training.

  74. As a direct and proximate result of the negligence of PRINCESS, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her

1  vacation, cruise and transportation costs.

2          WHEREFORE, Plaintiff demands judgment for all damages recoverable under

3  the law and demands trial by jury.

4                              **COUNT V**

5                 <u>**GENERAL NEGLIGENCE AGAINST PRINCESS**</u>

6          The Plaintiff realleges, incorporates by reference and adopts the allegations set

7  forth in paragraphs one (1) through forty-eight (48) as though alleged originally

8  herein.

9          75. At all times material hereto, it was the duty of PRINCESS to provide

10 Plaintiff with reasonable care under the circumstances while she was a passenger

11 aboard the vessel.

12         76. On or about the above date(s), PRINCESS, its agents and/or employees,

13 breached its duty to exercise reasonable care, based on the following acts and/or

14 omissions:

15              a.  Failure to provide reasonably safe conditions for the Plaintiff during the

16                  voyage aboard the vessel (reasonably safe conditions include, but are not

17                  limited to, preventing an atmosphere wherein persons could target,

18                  and/or sexually assault and/or sexually batter passengers);

19              b.  Failure to provide prompt and adequate treatment of the Assailant's

20                  medical condition;

21              c.  Failure to prevent the Assailant from transmitting a communicable

22                  disease to the Plaintiff and/or allowing same to occur;

23              d.  Failure to adequately manage the Art Gallery aboard the vessel,

24                  including the areas surrounding the Art Gallery;

25              e.  Failure to promulgate and/or enforce adequate policies and/or

26                  procedures designed to manage the Art Gallery aboard the vessel,

27

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

including the areas surrounding the Art Gallery;

f. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from committing sexual assaults against passengers aboard the vessel;

g. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from targeting passengers;

h. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from drugging passengers and/or from overserving alcoholic beverages to passengers;

i. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.;

j. Failure to adequately train and/or supervise individuals working aboard the vessel with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.;

k. Failure to adequately verify that the employees hired and/or retained to work in the Art Gallery were reasonably safe and competent, and not a safety hazard for passengers;

l. Failure to implement and/or enforce an adequate safety management system and/or comply with the requirements under 46 U.S.C. § 3507 of the Cruise Vessel Security & Safety Act; and/or

m. Failure to comply with California Health and Safety Code § 120290.

77. The above acts and/or omissions caused and/or contributed to the subject incident because, had PRINCESS provided reasonable care under the circumstances,

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

1   Plaintiff would not have been sexually assaulted and/or raped aboard the vessel.

2   78. At all times material hereto, PRINCESS knew or should have known of the
3   foregoing conditions causing the subject sexual assault and did not correct them or
4   the conditions existed for a sufficient length of time so that PRINCESS, in the exercise
5   of reasonable care under the circumstances, should have learned of them and corrected
6   them.  This knowledge was or should have been acquired through (a) Plaintiff's
7   condition throughout public areas of the vessel ships (as alleged in paragraphs 23 and
8   26-27); (b) prior incidents; and/or (c) the prevalence of sexual assaults aboard cruise
9   ships (as alleged in paragraphs 21-48), which did or should have revealed that
10  passengers like the Plaintiff are targeted by crewmembers and/or that a sexual assault
11  and/or rape was reasonably foreseeable.  In addition, PRINCESS created the
12  dangerous conditions by the lack of warnings, supervision, security and/or training.

13  79. As a direct and proximate result of the negligence of PRINCESS, Plaintiff
14  was injured about her body and extremities, suffered physical pain, mental anguish,
15  loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and
16  other mental and/or nervous disorders, aggravation of any previously existing
17  conditions therefrom, incurred medical expenses in the care and treatment of her
18  injuries, suffered physical handicap, lost earnings and lost earning capacity, both past
19  and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer
20  the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her
21  vacation, cruise and transportation costs.

22  WHEREFORE, Plaintiff demands judgment for all damages recoverable under
23  the law and demands trial by jury.

24  ### COUNT VI
25  ### GENERAL NEGLIGENCE AGAINST PARK WEST
26  The Plaintiff realleges, incorporates by reference and adopts the allegations set
27
28

LIPCON, MARGUILIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial

forth in paragraphs one (1) through forty-eight (48) as though alleged originally herein.

80. At all times material hereto, it was the duty of PARK WEST to provide Plaintiff with reasonable care under the circumstances.

81. On or about the above date(s), PARK WEST, its agents and/or employees, breached its duty to exercise reasonable care, based on the following acts and/or omissions:

    a. Failure to provide reasonably safe conditions for the Plaintiff during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could target, and/or sexually assault and/or sexually batter passengers);

    b. Failure to provide prompt and adequate treatment of the Assailant's medical condition;

    c. Failure to prevent the Assailant from transmitting a communicable disease to the Plaintiff and/or allowing same to occur;

    d. Failure to adequately manage the Art Gallery aboard the vessel, including the areas surrounding the Art Gallery;

    e. Failure to promulgate and/or enforce adequate policies and/or procedures designed to manage the Art Gallery aboard the vessel, including the areas surrounding the Art Gallery;

    f. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent the Art Gallery's employees from committing sexual assaults against passengers aboard the vessel;

    g. Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent the Art Gallery's employees from targeting passengers;

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone (305) 373-3016; Fax (305)373-6204
www.lipcon.com

h. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.;

i. Failure to adequately train and/or supervise the Art Gallery's employees with regard to sexual assaults, non-fraternization with passengers, inappropriate contact with passengers, etc.;

j. Failure to adequately supervise the Art Gallery's employees to ensure they do not target and/or sexually assault passengers;

k. Failure to adequately supervise the Art Gallery's employees to ensure they do not drug passengers and/or overserve alcoholic beverages to passengers;

l. Failure to adequately verify that the employees hired and/or retained to work in the Art Gallery were reasonably safe and competent, and not a safety hazard for passengers; and/or

m. Failure to comply with California Health and Safety Code § 120290.

82. The above acts and/or omissions caused and/or contributed to the subject incident because, had PARK WEST provided reasonable care under the circumstances, Plaintiff would not have been sexually assaulted and/or raped in and/or around the Art Gallery by a PARK WEST employee.

83. At all times material hereto, PARK WEST knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them or the conditions existed for a sufficient length of time so that PARK WEST, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through (a) Plaintiff's condition throughout public areas of the vessel ships (as alleged in paragraphs 23 and 26-27); (b) prior incidents; and/or (c) the prevalence of sexual

assaults aboard cruise ships (as alleged in paragraphs 42-48), which did or should have revealed that passengers like the Plaintiff are targeted by crewmembers and/or that a sexual assault and/or rape was reasonably foreseeable.  In addition, PARK WEST created the dangerous conditions by the lack of warnings, supervision, and/or training.

84. As a direct and proximate result of the negligence of PARK WEST, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## AGAINST DEFENDANTS

The Plaintiff realleges, incorporates by reference and adopts the allegations set forth in paragraphs one (1) through forty-eight (48) as though alleged originally herein.

85. On or about the above date(s), the Plaintiff was injured due to the following intentional, outrageous, deliberate and/or reckless conduct:

    a.  The Plaintiff was sexually assaulted, raped and battered by the Assailant aboard the vessel, for which Defendants are vicariously liable;

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

Plaintiff's Complaint and Demand for Jury Trial

b. Even though the Assailant knew or should have known he was HIV positive due to his viral load and/or symptoms, the Assailant raped the Plaintiff without any protection and therefore willfully exposed and transmitted HIV to the Plaintiff without Plaintiff's knowledge or consent, for which Defendants are vicariously liable;

c. Even though Defendants knew or should have known the Assailant was HIV positive, Defendants failed to provide prompt and adequate treatment of the Assailant's medical condition; and/or

d. Even though Defendants knew or should have known the Assailant was HIV positive, Defendants failed to prevent the Assailant from transmitting a communicable disease to the Plaintiff and/or allowed same to occur.

86. The above conduct amounts to extreme and outrageous in nature, as they were done intentionally, willfully, wantonly, recklessly and/or in total disregard of the safety, health and emotional well-being of the Plaintiff.

87. The above conduct caused Plaintiff to endure severe mental and/or emotional harm and/or distress, including fear and anxiety. These emotional injuries and/or damages have also resulted in physical manifestations, such as sickness, nausea, exhaustion, fatigue, headaches, insomnia, lack of sleep, poor sleep and/or nightmares.

88. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, post-traumatic stress disorder and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

earning capacity, both past and future.  The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of her vacation, cruise and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law and demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully request the Court enter judgment in her favor and against PRINCESS and PARK WEST as follow:

1.   To enter judgment in favor of the Plaintiff against PRINCESS and PARK WEST on all causes of action as alleged herein;

2.   To award compensatory damages in the amount to be ascertained at trial;

3.   To award punitive damages, as permitted by law, in the amount to be ascertained at trial;

4.   To award costs of suit, as permitted by law;

5.   For prejudgment interest according to proof; and

6.   To enter such other and further relief as the Court deems just under the circumstances.

DATED: January 3, 2023                LIPCON MARGULIES & WINKLEMAN, P.A.


BY: *s/ Carol. L. Finklehoffe*
                    CAROL L. FINKLEHOFF
                    *Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims for relief.

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com

DATED: January 3, 2023               LIPCON MARGULIES & WINKLEMAN, P.A.


BY: *s/ Carol. L. Finklehoffe*
       CAROL L. FINKLEHOFF

       *Attorney for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2 S. Biscayne Boulevard, Suite 1776, Miami, FL 33131
Telephone: (305) 373-3016; Fax: (305)373-6204
www.lipcon.com